UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARSHALL THOMAS COBB, SR., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>STEVEN HEIMANN, et al., )<br>)<br>Defendants. ) | No. 1:08-cv-836-DFH-WTL |

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 3) is **granted.** The assessment of even a partial initial filing fee is not feasible at this time.

**II.**

**A.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). A claim may be dismissed under this standard if it includes particulars that show the plaintiff cannot possibly be entitled to the relief it seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994).

**B.**

The plaintiff, a state prisoner, alleges that he was wrongfully convicted of various offenses in Bartholomew County, Indiana because of the misdeeds of the defendants. He seeks fifty million dollars in damages.

This action must be dismissed. This disposition is compelled by the fact that the plaintiff could not prevail in this action without impugning the validity of the convictions which are described in the complaint. This is relevant because the law is that where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) ("*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon."). "Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit." *Whiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004); *see also Apampa v. Layng,* 157 F.3d 1103, 1105 (7th Cir. 1999). Cobb's complaint makes clear that his convictions are still in effect, stating that his bid for post-conviction relief in the trial court has just recently been denied.

### III.

For the reasons explained above, the complaint fails to survive the screening required by § 1915A, because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

**IT IS SO ORDERED.**

Date:  6/26/2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana